Law Library

FILED
SUPERIOR COURT
OF GUAM

SEP 24 '09 P 3:30

CLERK OF COURT

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH S.N. PAULINO,<br>DOB 09/07/1951 | **CHILD SUPPORT CASE NO. CS0239-08** |
| Plaintiff, | **DECISION AND ORDER** |
| vs. | |
| JUSTIN V. NEDEDOG,<br>DOB 12/21/1989 | |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Plaintiff's Motion for Child Support and Arrears, filed December 11, 2008. Oral arguments were heard on January 8, March 10, August 5 and 18, 2009. Assistant Attorney General Paul Galman represented the Plaintiff and Attorney Daniel S. Somerfleck represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On January 25, 2007, the Defendant and the Plaintiff's daughter had a child while they were minors. The Plaintiff and his wife, together as the maternal grandparents of the child, were appointed guardians of the child in Juvenile Case No. JP0159-07. The Defendant reached the age of majority on December 21, 2007, and on June 26, 2008, the Plaintiff filed a complaint for paternity, child support and arrears against the Defendant.

The Plaintiff asks for basic child support according to Guam's guidelines in addition to child care costs from enrollment in the Adventures in Learning Center in Yona. The proceedings have been continued since January 8, 2009, while the parties attempted to settle the matter. During this time, the Government's calculations of child support have changed multiple times due in part to the Defendant's changes in income. The latest calculation of child support is $643.61 per month. *See* Plaintiff's Proposed Order (Sep. 1, 2009). The Plaintiff further alleges

that, effective August 1, 2009, the Defendant's child support obligation should be reduced to $426.06 in light of the mother's ability to secure an unspecified block grant. *See* Plaintiff's Proposed Order (Sep. 1, 2009).

The Defendant generally objects to a child support complaint from a guardian on the basis that it is contrary to the purpose of a guardianship for support. The Defendant further objects that the Government's calculation of child support does not account for the natural mother's full earning capacity and that the discretionary child care is beyond the financial means of the parents.

## DISCUSSION

Under Guam law, the Department of Law, Family Division, may bring an action to recover child support and arrears on behalf of a person in custody of the child. *See* 5 GCA § 34105(a). A parent owes a duty of support to their children unless their parental rights have been terminated. *See* 19 GCA § 4101 et seq.

In this case, the Family Division of the Attorney General's Office instigated these child support proceedings on behalf of the child's Guardian. The Guardian accepted child custody because the minor parents were unable to support their child. Because the Guardian has custody of the child, the Family Division may bring an action on behalf of the Guardian for child support. *See* 5 GCA § 34105(a). Furthermore, the Defendant's parental rights have not been terminated, and he has a duty to support his child pursuant to 19 GCA § 4104. For these reasons, the complaint for child support and arrears is appropriate.

Under Guam law, the ultimate goal of child support is to protect the best interests of the child and a court has the discretion to set child support in order to meet those interests. *See* Leon Guerrero v. Moylan, 2002 Guam 18, ¶ 16, 2002 WL 31119472 (Sup. Ct. Guam 2002). Pursuant to the Administrative Adjudication Law, the Attorney General developed Child Support Guidelines in order to bring similarly situated child support cases to speedy and consistent resolutions. *See* 5 GCA § 34118. The Guidelines are codified in 19 GARR § 1201 et seq.

Pursuant to Guam Law and the Child Support Guidelines, the amount of child support is based upon the incomes of the parents. *See* 5 GCA § 34118 and 19 GARR § 1201 et seq. The

Court may attribute income to a parent up to their full earning capacity where a parent works part-time without a reasonable cause, "such as caring for children." *See* 19 GARR § 1203(a)(5). Furthermore, the Court may take into account the benefits that a non-custodial parent derives from other sources in the allocation of applicable costs. *See* 19 GARR § 1203(a)(6).

In this case, the Defendant contends that the natural mother's income should be attributed as her full earning capacity. The Court agrees. Since February of 2009, the mother has worked thirty to forty (30-40) hours per week at a medical office for eight dollars per hour ($8.00/hour). *See* "Attachment 2", Plaintiff's Proposed Order (Sep. 1, 2009). The child is enrolled in daycare and the mother does not work below her earning capacity in order to care for the child. The mother works below her earning capacity because her employer does not always require a full schedule. *See* Testimony of Joseph Paulino (Aug. 18, 2009). Under the Guidelines, an employer's schedule is not a reasonable cause to work part-time. Most importantly, the mother derives a unique benefit from her parents, the custodial Guardians, who fund her child's expenses in her stead without demand for repayment or child support arrears. *See* Id. For these reasons, it is equitable and consistent with the Child Support Guidelines to attribute the mother's income as her full earning capacity at $8.00 per hour.

Under the Child Support Guidelines, the Court may add child care costs to the basic child support obligation. *See* 19 GARR § 1203(e)(1). Child care costs are defined as the, "expenses appropriate to the parents' financial abilities and to the lifestyle of the children had the family remained intact." *See* Id. A Court may deviate from the Guidelines where its application would be inequitable and upon specific findings on the record. *See* 19 GARR § 1202(c)(1).

In this case, the Plaintiff accounts $654.17 per month to child care costs for the Adventures in Learning Center in Yona. The Defendant asserts that this expense is inappropriate to the parents' financial abilities and that the Guardians should pay for their own choice in child care. Because the child is comfortable at the Adventures in Learning Center, it is most appropriate and in the child's best interest that she remain there as opposed to this Court ordering that the child be uprooted from an established mode of day care living and placed in a cheaper, unfamiliar and uncomfortable environment. *See* Testimony of Joseph Paulino (Aug. 18, 2009).

While the expense may be inappropriate to the parents' financial ability, the Court specifically finds that the Guardians fully supported the child since 2007 when the parents had no financial ability at all. *See* Id. The Guardians paid all the costs of supporting the child while the parents were minors although the parents were still obligated to support their child. *See* 19 GCA § 4104. In this case, the adult parents should now contribute to their daughter's continued level of care and well-being. For this reason, it is appropriate and equitable to add the child care cost of $654.17 per month to the basic support obligation of both parents.

The Court must note that the father's income is not sufficiently clear to make findings pursuant to 19 GARR § 1208 and to enter a final order of child support and arrears. The record contains eight (8) different child support worksheets that list five (5) different adjusted gross incomes for the father and append three (3) different declarations of arrearages. The Plaintiff's final proposed order contains three (3) different child support worksheets with two (2) different income levels for the father. *See* "Attachments 4, 5, and 8" Plaintiff's Proposed Order (Sep. 1, 2009). The Plaintiffs have also offered to incorporate a block grant into the child support calculations. *See* Id. Without clear findings on the father's past and present income, the Court cannot enter an order for child support and arrears. For this reason, the parties shall be ordered to stipulate to the father's past and present incomes. The parties shall have fifteen (15) days to submit these stipulations so that the Court can enter an order of child support and arrears.

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

Based upon the foregoing, the Court finds that the Defendant is liable to the Guardians for child support. In order to determine child support, it is hereby ORDERED that the natural mother's income shall be imputed as her full-time earning potential of $8.00 per hour and the child care cost of $654.17 per month shall be added to the basic support obligation of both parents.

It is further ORDERED that the parties shall have fifteen (15) days to submit stipulations of the father's past and present income so that the Court may enter an order for child support and arrears. To comply with this order, the parties may submit a stipulated child support worksheet and declaration of arrears that incorporates the findings of this decision.

SO ORDERED this 24 day of September, 2009.

_____
**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

